## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TOURS FLYING DE CHIHUAHUA
S.A. DE C.V., a foreign corporation,

*Plaintiff,*                                        CASE NO.:

v.

UNITED STATES OF AMERICA; and
U.S. DEPARTMENT OF HOMELAND
SECURITY; and U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT;
and U.S. CUSTOMS AND BORDER
PROTECTION; and U.S. DEPARTMENT
OF TREASURY; and JANET L. YELLEN,
in her official capacity as Secretary of
Treasury; and ALEJANDRO MAYORKAS,
in his official capacity as Secretary of
Department of Homeland Security,

*Defendants.*

_____/

## COMPLAINT FOR RETURN OF PROPERTY AND INJUNCTIVE
## AND DECLARATORY RELIEF

Plaintiff, TOURS FLYING DE CHIHUAHUA S.A. DE C.V. (hereinafter "**Plaintiff**" or "**Tours Flying**"), by and through the undersigned counsel, files this Complaint for Return of Property and Injunctive and Declaratory Relief against Defendants, UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF TREASURY; SCOTT BESSENT, in his official capacity as Secretary of Treasury; and KRISTI NOEM, in her official capacity as Secretary of Department of Homeland Security (hereinafter, collectively referred to as "**Defendants**"). In support

thereof, Plaintiff alleges as follows:

## INTRODUCTION

1.     This lawsuit challenges Department of Homeland Security's ("**DHS**") unreasonable and unconstitutional practice and inconsistent implementation of seizure and administrative forfeiture under the *Civil Asset Forfeiture Reform Act of 2000* ("**CAFRA**") in the present case. DHS and its agency, U.S. Immigration and Customs Enforcement ("**ICE**") and the Homeland Security Investigations Office ("**HSI**") (hereinafter collectively referred as ("**ICE-HSI**") and/or U.S. Customs and Border Protection ("**CBP**"), have seized Plaintiff's property in violation of its constitutional and statutory rights. In this case, these federal agencies (hereinafter, collectively referred to as "**U.S. Government**") deprived Plaintiff of their property without proper legal due process, as Plaintiff has not been yet provided with a prompt and/or adequate notice of seizure, nor has Plaintiff been afforded with an opportunity to object to a seizure and suffers continued detention of their property.

2.     Plaintiff alleges that the U.S. Government has failed to provide certain property owners with a basis for the continued retention of their property and a prompt and meaningful way for interested parties and potential claimants to secure its seized property. In the present case, after over three years of unreasonable and unconstitutional seizure of the Plaintiff's property, the U.S. Government has not notified any interested parties and/or potential claimants that the seized property is the subject of an administrative, civil or criminal forfeiture proceeding. Thus, this Complaint seeks declaratory and injunctive relief barring the U.S. Government from improperly retaining property, valued at less than $500,000.00, through a lengthy seizure, depriving interested parties with the opportunity

to object to said seizure and the persistent violation of Plaintiff's constitutional right to due process. Moreover, this Complaint seeks declaratory and injunctive relief that would compel the government to either provide notice of the legal basis of the continued detention of the property, or else return property back to Plaintiff.

3.    Plaintiff brings a claim for return of property under Federal Rule of Criminal Procedure 41(g) as Plaintiff is entitled to the immediate return of their seized property as the government's continued detention of their property violates their constitutional Fifth Amendment rights and constitutes a hardship on Plaintiff.

4.    To date, approximately over three years have passed since funds were seized, and the U.S. Government has failed to send Plaintiff adequate Notice of Seizure listing their right to elect a proceeding to object to a seizure. The U.S. Government's practice in implementing and initiating administrative forfeiture procedures under CAFRA, for property valued at less than $500,000, presents lingering constitutional inadequacies, especially concerning procedural notice requirements.

5.    First, Plaintiff claims that Defendant's policy and practice when initiating a CAFRA administrative seizure of property subject to forfeiture, violates Tours Flying right to due process under the Fifth Amendment by imposing unconstitutional conditions and unreasonable delays in affording interested parties and potential claimants with the opportunity to object to an unreasonable and prolonged deprivation of property.

6.    Second, Plaintiff demands the immediate return of seized funds up to $400,000 held in J.P. Morgan account in escrow, as Plaintiff is owner of said funds. Plaintiff claims that these Funds have been seized, and the U.S. Government has failed to

timely continue a nonjudicial administrative forfeiture procedure or a judicial civil or criminal forfeiture procedure. This delay in filing a forfeiture action has been unreasonable and unconstitutional, as Tours Flying has been deprived of their property for an unreasonable period without being afforded an opportunity to object to such unconstitutional detention. As potential claimants, Tours Flying is filing this equitable action seeking the return of the seized property for violations of their Fifth Amendment rights, as the U.S. Government has failed to properly comply with CAFRA's statutory terms. In this case, Tours Flying, potential claimants of the seized Funds, have not been provided with adequate notice and reasons to justify a lengthy detention of their property, nor an opportunity to object. Thus, Plaintiff seeks return of property, pursuant to Rule 41 (g), as they have been deprived of their property in violation of their due process and there is no other adequate remedy at law available at this time.

7.      Plaintiff has filed this lawsuit to challenge and end DHS's and the U.S. Government systematic policy or practice of initiating an administrative forfeiture under CAFRA and failing to provide adequate opportunities for potential claimants and interested parties to challenge a prolonged and unreasonable seizure of their property, thus violating their Fifth Amendment due process rights.

### JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff's claims and rights arise under the Constitution, Laws, and Treaties of the United States.

9.      This Court has jurisdiction over the parties and subject matter over this action

under 28 U.S.C. § 1346, as this is a civil action or claim against the United States of America.

10.    This Court has jurisdiction over the parties and subject matter over this action under 28 U.S.C. § 1355, titled Fine, Penalty or Forfeiture (a) which provides that a District Court shall have original jurisdiction…of any action or proceeding of the recovery of any fine, penalty, or forfeiture, pecuniary or otherwise incurred under any act of Congress.

11.    Plaintiff brings a claim for the immediate return of their seized property under Federal Rule of Criminal Procedure 41 (g), for improper seizure and continued detention of their property, in violation of Tours Flying Fifth Amendment due process rights afforded in the U.S. Constitution.

12.    Venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. §1391(b)(2), as well as Federal Rule of Criminal Procedure 41(g), because the seizure of Plaintiff's property occurred in Oklahoma City, Oklahoma-after a magistrate district judge for the Western District of Oklahoma ordered its seizure. Oklahoma City is in one of the federal judicial districts in Oklahoma, specifically United States District Court for the Western District of Oklahoma.

## PARTIES

### Plaintiff

13.    Plaintiff, Tours Flying, is a foreign corporation, with an official address of Escudero No. 903, San Felipe 1, Chihuahua, Chihuahua, CP 31203 Mexico. Mr. Javier Villanueva (hereinafter "**Mr. Villanueva**") was the Operational Director for Tours Flying at the time of the seizure.

14.    On or about May 2021, Tours Flying was the owner of the following aircraft: 1987 Bombardier Canadair Challenger, S/N 3066, registration number N105UP (hereinafter "**Aircraft**").

15.    On or about May 2021, Vida Trade Management LLC ("**Vida Trade**" or "**Trustee-Purchaser**") became interested in purchasing the Aircraft, not in its individual capacity, but as trustee for foreign clients (the "**Foreign-Purchasers**").

16.    On or about May 18, 2021, Tours Flying and Vida Trade entered into an Aircraft Purchase Agreement (hereinafter "**APA**") for the sale of the Aircraft. The Trustee-Purchaser Vida Trade agreed to pay the sum of $400,000.00 in U.S. Dollars, and to deposit such amount as liquidated damages with an escrow agent, in this case Aircraft Escrow and Title Company, DBA AeroTitle.

17.    Aeronautical Title and Escrow Service LLC (DBA AeroTitle and hereinafter referred to as "**AeroTitle**") is a bonded and insured title company with a specialty in aviation escrow. AeroTitle is an Oklahoma Limited Liability Company legally registered as Aeronautical Title and Escrow Service, LLC, and located at 1200 Metropolitan Avenue, Oklahoma City, OK 93108.

18.    Upon execution of the APA, and in accordance with Federal Aviation Administration regulations ("**FAA**"), the Aircraft was placed in a trust because the owner was a foreign corporation not incorporated in the United States, and therefore ownership of the Aircraft had to be transferred to a United States trustee to be placed in Trust ("**Trust**"). At this time, Tours Flying became the beneficial owner of the Aircraft and the Aircraft was delivered to the Trustee-Purchaser, Vida Trade.

19.     Upon information and belief, after the sale of the Aircraft to Vida Trade, the Foreign-Purchasers maintain possession and control of the Aircraft until this day.

20.     The purchase price for the Aircraft (funds up to $400,000.00), also operating as a deposit and liquidated damages under the APA terms, were held in escrow in J.P. Morgan Chase, account number 465638010, in the name of AeroTitle as an escrow agent, on behalf of Tours Flying as seller of the Aircraft.

21.     As seller of the Aircraft, Tours Flying, became the beneficial owner of the trust and assets held in trust. In this case, the trust was held for the purchase price and sale of the Aircraft. These funds also serve as a deposit and liquidated damage fee, as agreed upon by the parties in the APA.

22.     On or about July 27, 2021, the Seller, Tours Flying, was to receive the funds held in escrow from AeroTitle's agent as the closing of the APA transaction was scheduled to take place on that same date, and the Purchaser was already in possession of the Aircraft.

23.     Tours Flying has legal interest and is the owner of all funds up to $400,000.00 held in the seized J.P. Morgan Chase bank account, held in the name of AeroTitle, as beneficial owner to the funds, both as a deposit and eventually a liquidated damages amount.

**Defendants**

24.     Defendant, United States of America is the national federal government established by the U.S. Constitution. As such, it is subject to limitations imposed by the Constitution, including, as relevant here, the Fifth Amendment. The constitutional violations at issue involve the actions of federal agencies and employees and are therefore

7

ultimately chargeable to the federal government itself.

25.    The statutory and constitutional violations at issue involve the actions of federal agencies and employees and are therefore ultimately chargeable to the federal government itself.

26.    The U.S. District Court for the Western District of Oklahoma's U.S. Magistrate Judge, Honorable Amanda Maxfield Green, signed *Warrant to Seize Property Subject to Forfeiture* (Case No. M-21-446-AMG) authorizing execution of a search warrant and seizure of property described as follows: "[f]unds up to $400,000.00 in J.P. Morgan Chase account number 465638018, such account held in the name of Aeronautical Title and Escrow Service LLC held for the sale of Canadian Air[1] LTD CL-600-2A12, Serial number 3066, Tail number N105UP" (hereinafter "**Funds**").

27.    Defendant, the U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington D.C., and an agency of the federal government within the meaning of 5 U.S.C. §§ 552 and (f)(1). DHS has possession, custody and within the meaning of 5 U.S.C. §§ 552 and (f)(1). DHS' Office of the General Counsel is located at 2707 Martin Luther King Jr. Ave, SE, Washington, DC 20528.

28.    Defendant, DHS has the authority to seize and forfeit property associated with violations of the law. DHS has different components with seizure and forfeiture

---

[1] The Plaintiff believes that the case caption included in the *Warrant to Seize Property Subject to Forfeiture*, Case No. M-21-446-AMG, contains a clerical error and the Court intended to state Canadair LTD as the aircraft's manufacturer's name, and not Canadian Air LTD.

authority, including U.S. Immigration and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) (hereinafter, collectively referred to as "**Agencies**").

29.    Defendant, the U.S. Immigration and Customs Enforcement (ICE) is a federal agency within DHS and has forfeiture authority. Although ICE has forfeiture authority, upon information and belief, ICE "does not have the infrastructure to process forfeitures."[2] In addition, for the most part it is believed that once ICE seizes property, assets are transferred to the U.S. Customs and Border Protection (CBP) for "processing, including sending notices, managing petitions and claims, storing assets, and final disposition."[3]

30.    Defendant, CBP is a federal agency charged within DHS, in charge of enforcing U.S. customs laws at the ports of entry and departure from the United States. CBP has seizure and forfeiture authority, and upon information and belief, CBP pursues approximately 91% of DHS total forfeiture cases, for FYs 2012 through 2018.[4]

31.    Defendant, U.S. Department of Treasury and their agents, are responsible for enforcement and administration of seizures initiated by agencies authorized to seize pursuant to the Treasury Forfeiture Fund ("**TFF**") program. CBP is a type of TFF agency.

32.    Defendant, Scott Bessent, not in his individual capacity, but in his official capacity, as Secretary of the Treasury, is responsible for the actions of OFAC. Pursuant to

---

[2] Information stated in Office of Inspector General's August 27, 2020, OIG-20-66 Report "DHS Inconsistently Implemented Administrative Forfeiture Authorities under CAFRA" at page 1. (August 27, 2020). Report found in www.oig.dhs.gov.
[3] Id.
[4] Id.

50 USC § 1701-06 et seq (International Emergency Economic Powers Act ("**IEEPA**"), 31 CFR Part 501 (the economic sanctions enforcement guidelines), and 74 FR 57593-09 (OFAC enforcement guidelines)) this Defendant is ultimately responsible for the operations of OFAC.

33.    Defendant, Kristi Noem, not in her individual capacity, but in her official capacity, as Secretary of the Department of Homeland Security, is named as a party to this lawsuit. Under the Secretary of the Department of Homeland Security's leadership, DHS is responsible for the oversight and protection against unconstitutional and unreasonable implementation of seizures and administrative forfeitures by DHS and its Agencies.

34.    Upon information and belief, both Defendants, ICE and CBP, follow CAFRA for administrative seizures of property valued less than $500,000.00 and CBP's *Seized Asset Management and Enforcement Procedures Handbook* for guidance on enforcement actions regarding seizures. [5]

35.    Upon information and belief, DHS, ICE, CBP and/or U.S. Department of Treasury have possession, custody, and control of the seized Funds within its authority.

36.    Total seized Funds remain in DHS, ICE and/or CBP's Fines, Penalties and Forfeiture Division and/or the U.S. Department of Treasury. To date, it is unclear which specific U.S. Government office or federal agency could be in custody of Tours Flying seized property.

37.    Upon information and belief, DHS, including ICE and CBP, refer seizure and

---

[5] Ibid. at 2.

forfeiture cases to the U.S. Attorney's Office ("**USAO**") for judicial proceedings. These cases referred to the USAO either declined by the USAO, namely: by not timely filing a forfeiture complaint or indictment containing allegations that the property is subject to forfeiture, or by permitting federal agencies to pursue the seizure and continue a forfeiture via a nonjudicial administrative proceeding.

38.    After communicating with Special Agent for Homeland Security Investigations, Johnathan E. Willis, (hereinafter "**ICE-HSI Agent Willis**"), Tours Flying learned that the administrative proceeding will continue until USAO authorizes federal agencies to continue an administrative forfeiture proceeding, or until USAO decides whether to initiate either a judicial civil or criminal forfeiture proceeding.

39.    To date, the U.S. Government has detained Tours Flying property for approximately over three years and has not provided Tours Flying, a known interested party to the seized Funds, with proper CAFRA Notice of Seizure. Furthermore, it is still unclear which U.S. Government Office, or Agency, will continue with the forfeiture proceedings.

40.    Upon information and belief, the U.S. Government defendants' follow a policy and practice of circumventing the statutory requirement of providing known interested parties with adequate Notice of Seizure, to try to legitimize a lengthy seizure of property, all in violation of CAFRA 18 U.S.C §§ (a)(1)(A)(i), (a)(1)(F)[6] and Fifth

---

[6] If the U.S. Government doesn't comply with CAFRA seizure notification as described in 18 U.S.C. § (a)(1)(A)(i), the Government is required to return seized property to those known interested parties, pursuant to 18 U.S.C. § (a)(1)(F).

Amendment due process rights. A seizure of property subject to forfeiture is not forfeited until the USAO continues a judicial civil or criminal forfeiture or authorizes a federal agency to continue with an administrative forfeiture after a property is seized. Pursuant to CAFRA 18 U.S.C. §(a)(1)(F), if the U.S. Government does not send notice of a seizure of property to the interested parties within 60 days after the date of the seizure, the U.S. Government is required to return seized property not properly noticed, in accordance with CAFRA's subparagraph (A). *See* CAFRA 18 U.S.C. §§ (a)(1)(A) and (F).

## FACTUAL ALLEGATIONS

41.    Plaintiff, Tours Flying, is an interested party, owner, and therefore a potential claimant of seized funds, by ICE-HSI and DHS, up to $400,000 in J.P. Morgan Chase Account Number 465638018, an account held in the name of Aeronautical Title and Escrow Service LLC held for the sale of Canadair LTD CL-600-2A12, serial number 3066, tail number N105UP (hereinafter referred as to "**Funds**"). Plaintiff seeks declaratory and injunctive relief for violations of the Civil Assets Forfeiture Reform Act,18 U.S.C. §983, as well as their due-process rights under the Fifth Amendment to the U.S Constitution.

42.    Federal agents with ICE-HSI initiated an investigation and sent subpoena, #ICE-HSI-SY-2021-00460, to AeroTitle located in Oklahoma City, Oklahoma. AeroTitle provided escrow services and held funds for the sale of Canadair LTD CL-600-2A12, serial number 3066, tail number N105UP ("**Aircraft**") on behalf of Tours Flying. A true and correct copy of the subpoena is attached hereto as **Exhibit 1** (hereinafter followed by the abbreviation "**Ex.**" for Exhibit).

43.    On or about May 18, 2021, an APA was signed between Tours Flying, as

Seller, and Vida Trade Management LLC, as Purchaser, for the sum of $400,000.00 U.S. currency, for the sale/purchase of the Aircraft. Based on the APA terms, such amount was to be held in escrow and agreed to constitute both the balance of the purchase price and a deposit, to be retained as liquidated damages if complete performance was not rendered. A true and correct copy of APA, is attached hereto as **Ex. 2.**

44.    Upon execution of the APA, and in accordance with FAA regulations, the Aircraft was held in Trust by Adams Aviation Services, Inc. ("**Adams Aviation**"), as pursuant to Trust Agreement and other relevant Trust documents attached to this Complaint as **Ex. 3**.

45.    As sellers of the Aircraft and beneficial owners to the amount held in Trust, serving as a deposit and liquidated damages, Tours Flying has legal interest in the Funds seized by the U.S. Government.  *See* Ex. 2.

46.    On or about July 14, 2021, law enforcement officer Christopher A. Davis, Assistant Special Agent in Charge for Homeland Security Investigations ("**HSI**"), issued a subpoena and sent a copy to AeroTitle. Said subpoena directed the recipient, in this case AeroTitle, to produce records to U.S Immigration and Customs Enforcement, ICE-HSI Agent Ice Agent Willis, by July 28, 2021. The documents requested to be produced were any records, if any, allegedly in connection with the investigation or inquiry concerning the enforcement of 18 U.S.C. § 545 (relating to smuggling of goods into the U.S.), with respect to any controlled substance (as defined in Title 21, U.S.C.). *See* Subpoena, Ex.1.

47.    On or about July 27, 2021, the U.S. District Court for the Western District of Oklahoma's U.S. Magistrate Judge, Honorable Amanda Maxfield Green, signed *Warrant*

*to Seize Property Subject to Forfeiture* (Case No. M-21-446-AMG) authorizing execution of a search warrant and seizure of the Funds.  A true and correct copy of the Warrant to Seize is attached hereto as **Ex. 4.** In summary, the U.S. District Court for the Western District of Oklahoma enforced Warrant to Seize Property Subject to Forfeiture, requesting the seized property to be executed on or before August 10, 2021.

48.    On or about the afternoon of August 9, 2021, Tours Flying received communication from AeroTitle, confirming that the closing for the sale of the Aircraft would take place after receiving the original Warranty Bill of Sale signed by seller. At this point in time, the Aircraft had been delivered to Vida Trade, as Purchaser. A true and correct copy of Communication sent to Tours Flying from AeroTitle is attached hereto as **Ex. 5.**

49.    On or about August 9, 2021, at approximately 5:03 P.M., AeroTitle sent Tours Flying a copy of the subpoena issued by ICE, a department of Homeland Security Investigations-Department of Homeland Security ("DHS") in San Diego, California. *See* Subpoena, Ex. 1.

50.    On or about August 10, 2021, thirteen (13) days after the *Warrant to Seize Property Subject to Forfeiture* was signed, AeroTitle sent a copy of the Warrant to Tours Flying. *See* Warrant, Ex. 4.

51.    On or about August 10, 2021, ICE-HSI Agent Willis communicated via email with Tours Flying Director of Operations and agent, Mr. Villanueva and requested Tours Flying to contact ICE to discuss the Funds seized. A correct and true copy of ICE-HSI email to Mr. Villanueva is attached hereto as **Ex. 6.**

52.    The aforementioned Funds were administratively seized by ICE-HSI, a federal agency of DHS, after the U.S. District Court for the Western District of Oklahoma executed the Warrant. Upon information and belief, the Funds held in escrow, by AeroTitle on behalf of Tours Flying, were seized in Oklahoma City from J.P. Morgan's chase account number 465638018, an account held in the name of Aeronautical Title and Escrow Service LLC for the sale of Canadair LTD CL-600-2A12, serial number 3066, tail number N105UP.

53.    The ICE-HSI Subpoena and the U.S. District *Warrant to Seize Property Subject to Forfeiture*, did not set forth Tours Flying legal rights, options, and related deadlines with respect to the seized property, regardless of the U.S. Government's awareness of Tours Flying status as an interested party and owner of the seized Funds. At this moment, Tours Flying was not adequately notified of the rights afforded to them as an interested party and potential claimant.

54.    Upon a detention of property by the U.S. Government, as an interested party to the seized property, Tours Flying should have been notified of the following rights after the U.S. Government seized the Funds: (1) the opportunity to object to seizure of Funds by either filing a petition requesting relief; (2) mitigation 30 days from the date of seizure or by filing a Verified Claim; or (3) a brief explanation of the Agency's authority to commence an administrative forfeiture proceeding if the Potential Claimant decides to take no further action.

55.    As sellers of the Aircraft and rightful owners to the non-refundable deposit agreed upon by the parties in the APA, Tours Flying is an interested party and potential

claimants to the Funds.

56.     Since August 2021, ICE-HSI and the U.S. Government have been notified of Tours Flying ownership interest to the Funds. Specifically, on August 10, 2022, ICE Agent Willis requested Tours Flying's agent, Mr. Villanueva, to contact him regarding the Funds seized. *See* Ex. 6.

57.     On or about January 3, 2022, Tours Flying attorney, Mr. Richard L. Richards, Esq. contacted ICE-HSI Special Agent Willis to further inquire as to the status of the forfeiture process and as to Tours Flying right to file a Verified Claim in response to the seized Funds, as Tours Flying was not provided with an adequate Notice of Seizure. In response, ICE Agent Willis mentioned that Assistant U.S. Attorney, from the U.S. Attorney's Office ("**USAO**") working with DHS, ICE-HIS and/or CBP, has not confirmed a decision to either commence a judicial civil or criminal forfeiture proceeding, and/or allow the appropriate federal agency to continue a nonjudicial administrative forfeiture proceeding after seizure of Funds. A true and correct copy of ICE-HSI communication with Tours Flying legal representation is attached hereto as **Ex. 7.**

58.     In the meantime, the Trustee, Adams Aviation Services, Inc. recorded a Bill of Sale to Tours Flying, filed at the FAA on December 7, 2021. A true and correct copy of the Bill of Sale is attached hereto as **Ex. 8**.

59.     Irrespective to this Bill of Sale, under the APA terms the Funds are the property of Tours Flying and on information and belief, the Aircraft is still in possession and/or control of purchaser, Vida Trade. However, this fact is of no consequence as the Aircraft was sold to Vida Trade under the APA agreement terms and Aircraft purchase

price, including deposit amount as liquidation damages, was paid to Tours Flying.

60.    CAFRA states that in any nonjudicial civil forfeiture proceedings under a civil forfeiture statute, the Government is required to send written notice to known interested parties, and such notice must be sent no more than 60 days after the date of seizure.[7] To date, the U.S. Government has not provided Tours Flying, a known interested party to the seized Funds, with an adequate Notice of Seizure, nor Tour's Flying agent or attorney.

61.    Similarly, USAO has not yet commenced a judicial, civil or criminal forfeiture proceedings after seizing the Funds on or about August 10, 2021, after approximately over three years of seizing the Funds. As a result, Plaintiff claims that the U.S. Government has unjustifiable delayed the forfeiture proceedings in violation of Tours Flying due process rights, afforded in the Fifth Amendment of the U.S. Constitution. As stated in 18 U.S.C. §(a)(1)(F), if the government does not send notice of seizure of property to known interested parties to the seized property, the U.S. Government must return the property to that person prejudiced by such absence of notice.[8]

62.    On information and belief, Tours Flying claims that DHS has inconsistently

---

[7] 18 U.S.C. § (a)(1)(A)(i) and CBP *Seized Asset Management and Enforcement Procedures Handbook* (2002) at page 127.

[8] CBP *Seized Asset Management and Enforcement Procedures Handbook* (2002) at page 128, also states "If the notice of seizure is not timely issued, Customs will return the property to the claimant unless the property is contraband (e.g. marijuana, cocaine, etc.) or the claimant is not legally entitled to possess the property (e.g. a convicted felon who may not legally possess a firearm)." Here, Plaintiff claims that they should be treated as a claimant, as a potential claimant to the seized property, but who was never notified by the seizing agency of their right to file a Verified Claim or Petition.

implemented an administrative forfeiture proceeding under CAFRA, as described in the Office of Inspector General Memorandum Report, OIG-20-66, dated August 27, 2020 (hereinafter "**OIG Report**"). A true and correct copy of the OIG's Memorandum Report OIG-20-66 is attached hereto as **Ex. 9**.

63. Upon learning about the OIG Report, on May 19, 2022, Tours Flying filed an Intake with the Office of Investigations for the U.S. Citizenship and Immigration Services ("**USCIS**") to investigate why Tours Flying, as an Interested Party and Potential Claimant, has not yet received an adequate Notice of Seizure (CAFRA form). A true and correct copy of Tours Flying claim submission with the Office of Investigations is attached hereto as **Ex. 10.** The Tours Flying claim submission holds the following documents as attachments: (i) the Aircraft Purchase Agreement (attached hereto as **Ex. 11**); (ii) the Subpoena (attached hereto as **Ex. 12**); (iii) the Warrant (attached hereto as **Ex. 13**); and the January 3, 2022, Email Correspondence (attached hereto as **Ex. 14**).

64. To date, approximately three (3) have passed since the Funds were seized, and the U.S. Government has failed to send Plaintiff adequate Notice of Seizure, thus depriving Plaintiff of their constitutional due process rights, including the right to be provided with an opportunity to object to an unreasonable and lengthy detention of property. The U.S. Government's practice of implementing and initiating administrative forfeiture procedures under CAFRA, presents lingering constitutional inadequacies, especially concerning procedural notice requirements to interested parties to a seized property.

65. As of the filing of this Complaint, Tours Flying has not been notified with a

legal basis for the continued detention of their property nor have been clarified which type of forfeiture procedure will be enforced by the U.S. Government. In addition, the Office of Investigation for USCIS has not rendered a determination of the intake filed by Tours Flying on May 19, 2022, and/or reasons of the U.S. Government's noncompliance with the CAFRA terms, specified in 18 U.S.C. §§ 983(a)(1)(A)(i) and (a)(1)(F), and guidance provided in the *Seized Asset Management and Enforcement Procedure Handbook* used by CBP and ICE when enforcing actions regarding seizures.

**The Government Has Not Provided Tours Flying Due Process Requirements and Has Not Returned the Property It Seized from Plaintiff**

66.    The U.S. Government and its federal agencies have been placed on notice of Tours Flying category as an interested party and potential claimant in relation to the seized Funds.

67.    On information and belief, the U.S. Government has failed to send an appropriate Notice of Seizure to potential claimants to the seized Funds. The U.S. Government has refused to continue any additional forfeiture procedures, violating its own CAFRA terms and/or other applicable forfeiture statutes. The U.S. Government has instead requested additional information to be provided to ICE-HIS, in this case, the type of information believed to be held only by the Purchaser of the Aircraft, Vida Trade Management LLC. As a result, the burden of proof has been unconstitutionally placed on Seller, Tours Flying, to provide information held by a third party, as a pre-requisite for the U.S. Government to send an adequate Notice of Seizure to all interested parties to the Funds. Consequently, Tours Flying has been deprived of their right to timely file a Verified

Claim as a potential claimant to the seized Funds.

68.    As to CAFRA, DHS has previously stated that for the U.S. Government to comply with the due process required by the U.S. Constitution, "[c]ongress enacted CAFRA to prevent delays in property owners challenging forfeiture or receiving due process. As such, CAFRA, the seizing agency to send a written notice to the property owner within 60 days of the seizure. CAFRA's protections also include the requirement for Federal agencies to use easily understandable notices."[9] In this case, more than 60 days of a seizure of the Funds covered by CAFRA have passed, and even though the U.S. Government has been notified that Tours Flying is an interested party to the seized funds, the U.S. Government has not complied with the notice of seizure requirements. Pursuant to the applicable laws and policies, once an asset is seized, federal agencies involved with such seizure must send the property owner and any other parties that may have an interest in the property a written notice of the seizure and intent to forfeit. The purpose of this notice is to inform property owners of their options, for example: file a petition, file a claim, or do nothing."[10]

69.    As of the filing of this Complaint, the U.S. Government has failed to provide Tours Flying, or similarly situated potential owners to the seized Funds, with further instructions for how to obtain return of their property. On information and belief, this failure to act is a common DHS practice when initiating an administrative forfeiture proceeding to detain property for an unreasonable amount of time. The U.S. Government

---

[9] OIG Report. at 3-4.
[10] Ibid. at 2.

lacks transparency surrounding administratively initiated seizure and forfeiture and facing an interplay with the USAO-as to USAO's decision to continue either a judicial civil or criminal forfeiture proceeding-is deeply troubling.

70.    Contrary to CAFRA terms and guidance, the U.S. Government has only informed Tours Flying, a known interested party, to continue waiting until the USAO decides what type of forfeiture procedure will follow a seizure. On information and belief, this failure to act is common among DHS practice when initiating an administrative forfeiture procedure by a federal agency, therefore retaining seizure of property without providing an adequate Notice of Seizure to known interested parties, until the USAO decides to either continue a judicial civil or criminal forfeiture proceeding or allow the federal agency to continue an administrative forfeiture.

71.    To date, the U.S. Government has not offered interested parties and/or potential claimants, such as Plaintiff, any justification or basis for U.S. Government's continued retention of Plaintiff's property.

72.    To date, the U.S. Government has not provided owners and/or potential claimants, such as Plaintiff, an approximate date as to when they will receive an adequate Notice of Seizure.

73.    To date, the U.S. Government has not sent adequate Notice of Seizure nor forfeiture notices to Plaintiff, a known interested party and owner to the seized Funds.

74.    To date, the U.S. Government continues to retain Tours Flying property and the U.S. Government has not sent forfeiture notices nor adequate Notice of Seizure to Tours Flying as a potential claimant and owners to the seized Funds.

75.    It has been suggested to Tours Flying attorney, Richard L. Richards, Esq., by ICE-HSI Agent Willis, that the U.S. Government, specifically USAO, intends to seek civil or criminal forfeiture of the Funds. However, on information and belief, the U.S. Government has not sent nor published any public notice of any forfeiture proceeding and has not provided Tours Flying with any personalized notice of any purported forfeiture proceeding.

76.    Tours Flying, or its agents, have not received adequate notice containing a list of options to object to the seized Funds. In addition, Tours Flying have been unable to confirm which U.S. Government agency or office is, in fact, holding his property for administrative, civil, or criminal forfeiture.

77.    Absent a Notice of Seizure containing an election of proceeding options and forms, Tours Flying or any other potential claimant to the seized Funds, cannot adequately contest any such seizure or forfeiture proceeding.

78.    Plaintiffs believes that the U.S. Government has remained vague as to whether it intends to forfeit the Funds administratively or not, and in doing so, will try to legitimize a lengthy detention of property, that would otherwise be considered unconstitutional. In addition, to date, the U.S. government has not articulated any valid legal basis to continue retaining Tours Flying property.

**Unauthorized 2023 Sale and Fraudulent FAA Submission**

79.    On or about April 6, 2023, a Bill of Sale was allegedly executed transfering ownership of Aircraft N105UP from Plaintiff, Tours Flying de Chihuahua, to JETSTEAM AVIATION, INC. (“**Jetsteam Aviation**”). A true and correct copy of the fraudulent April

6, 2023, Bill of Sale is attached hereto as **Ex. 15.**

80.    On or about June 22, 2023, an Aircraft Registration Application, executed by Ms. Alma H. Hernandez, was submitted to the FAA to register Aircraft N105UP to Jetsteam Aviation. A true and correct copy of the fraudulent June 22, 2023, Aircraft Registration Application is attached hereto as **Ex. 16.**

81.    Jetsteam Aviation was a For-Profit Corporation in Wyoming with a principal address at Membrillo, 204 Privdas La Hacienda Mineral de la Reforma Hidalgo 42184, Mexico.

82.    This Bill of Sale was signed by an individual named Sergio Sanchez (hereinafter "**Mr. Sanchez**"), who represented himself as the "Director" of Tours Flying de Chihuahua.

83.    Plaintiff, however, never executed or authorized such a Bill of Sale and has no knowledge of Sergio Sanchez. Mr. Sanchez is not, and has never been, affiliated with or employed by Plaintiff, nor has he been authorized to act on Plaintiff's behalf in any capacity.

84.    The 2023 Bill of Sale submitted to the FAA is false and fraudulent. Plaintiff has never sold Aircraft N105UP to Jetsteam Aviation, Inc., and has never authorized any person or entity to execute such a transaction on its behalf.

85.    The fraudulent sale represents an egregious violation of Plaintiff's property rights and has resulted in the unlawful transfer of title to a third party without Plaintiff's knowledge, consent, or participation.

86.    Plaintiff further alleges that this false submission to the FAA constitutes a

fraud not only against Plaintiff but also against the United States government and its aviation authorities, including the FAA, which rely on accurate and lawful documentation for aircraft registration.

87.    Upon information and belief, after the original and lawful 2021 sale of Aircraft N105UP from Plaintiff to Vida Trade Management LLC was completed through AeroTitle Escrow, the original trustees of the aircraft ceased acting on behalf of the registered owners and were replaced by a new trustee, Jetsteam Aviation, Inc.

## INJURY TO PLAINTIFF

88.    Defendants' August 10, 2022, seizure of Plaintiff's Funds and the continued seizure of that property constitutes an ongoing injury to Tours Flying. The U.S. Government and its federal agencies have provided an inadequate notice of warrant to seize property subject to forfeiture, without listing the available steps for an interested party or potential claimant, such as Tours Flying, to adequately object to a seizure and/or continued retention of property, consequently violating Tours Flying Fifth Amendment due process rights and notice requirement under CAFRA.

89.    As an interested party and potential claimant to the seized Funds, Tours Flying was not provided with adequate Notice of Seizure listing an election of proceeding options and forms to object to the seizure. Consequently, Tours Flying has been deprived with the opportunity to follow any procedural administrative steps required to seek referral to the USAO or this court, and this absence of Notice of Seizure continues to constitute an ongoing injury to Tours Flying.

90.    Because the government continues to retain Tours Flying property absent any

legal basis, Plaintiff continues to be deprived of approximately funds up to $400,000.00 as rightful owners to the funds pursuant to the APA agreement. This governmental action poses an unconstitutional Fifth Amendment deprivation of property and constitutes an ongoing injury to Plaintiff.

91.     ICE-HSI requested Plaintiff to provide additional information held in the hands of a third-party as part of an investigation. This action constitutes unfair or arbitrary treatment to Tours Flying, as they have been deprived of proper notice presumably because they were not able to produce information requested. As an interested party to the seized Funds, Tours Flying have been deprived of adequate instructions to properly elect an applicable seizure and forfeiture procedure and/or objection to seizure, denying them their Fifth Amendment due process right.

92.     But for Defendants' seizure and continued retention of funds up to 400,000.00, rightfully owned by Tours Flying under the APA terms, Tours Flying have been unable to use the seized Funds to continue operating their aviation business, therefore limiting them with attorneys' fees and other reasonable litigation costs currently being incurred.

## CLAIMS

### COUNT I:

**INJUCTIVE AND DECLARATORY RELIEF**
**FOR ULTRA VIRES ACTION IN VIOLATION OF CAFRA**

93.     Plaintiff re-alleges and incorporated by reference each and every allegation set forth in ¶¶1 through 92 above.

94.     Defendants' policy or practice of seizing property for an extended amount of time and withholding the distribution of a Notice of Seizure to a known interested party until further information is produced by a third party, is both *ultra vires* and a direct violation of CAFRA's commands. After seizing a property, if the Government does not send notice of seizure to an interested party after date of seizure of its property, the "Government **shall** return the property" to that interested person who was not adequately notified according to §(a)(1)(A)(i). *See* 18 US.C. §§ 983(a)(1)(A)(i) and (a)(1)(F) (emphasis added). Here, the government has failed to timely notify Tours Flying, a known interested party to the seize Funds, in violation of 18 U.C.S. §§ 983(a)(1)(A)(i) and (a)(1)(F).

95.     The circumstances in this case, and prior OIG reports, suggest that it is the policy or practice of the Defendants to condition sending a Notice of Seizure to a known interested party until the USAO decides to either continue or decline a judicial forfeiture process after a federal agency has initiated the seizure and without charging property owners with crimes, and therefore delaying property owners with an opportunity to challenge forfeitures or receiving due process.

96.     In this case, ICE-HSI's subpoena requested information to be produced by Tours Flying or AeroTitle that is believed to be held by a third-party. As this information was not produced, the U.S. Government decided to seize the Funds, without affording Tours Flying with an adequate Notice of Seizure, irrespectively of the U.S. Government's knowledge of Tours Flying interest to the seized Funds.

97.     This practice is in violation of an interested parties' constitutional and

statutory rights, as it places an unjustified burden of proof to a known interested party as a pre-requisite to be offered the opportunity to timely object to a seizure of their property. CAFRA does not authorize Defendants to condition delivering a Notice of Seizure to a known interested party to the seized funds. Thus, this practice of conditioning delivery of Notice of Seizure to a known interested party in exchange for information held by a third-party is *ultra* vires and in direct violation of 18 U.S.C. § 983 (a)(1)(A)(i). By the U.S. Government implementing this practice, known interested parties and potential claimants are being denied from their right to present a timely objection to a lengthy seizure of their property.

98.     In this case, the U.S. Government has knowledge of Tours Flying interest to the seized funds. However, the U.S. government never published nor sent proper Notice of Seizure to them, and pursuant to 18 U.S.C. § (a)(1)(F) Tours Fluing is entitled to the immediate return of the funds up to $400,000.00, in J.P. Morgan Chase account number 465638018, held in the name of AeroTitle for the sale of Canadian Air LTD CL-600-2A12, serial number 3066, tail number N105UP.

## COUNT II:

### INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATIONS OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

99.     Plaintiff re-alleges and incorporates by reference each and every allegation set from ¶¶1 through 92 above.

100.     Plaintiff claims that Defendants violated Plaintiff's Fifth Amendment due process rights by conditioning the publication and/or distribution of a Notice of Seizure,

that the U.S. Government is automatically obligated to send to a known interested party to the seized funds under CAFRA 18 U.S.C. § (a)(1)(A)(i).

101.    The act of limiting an interested party's due process right to object to a deprivation of their property in exchange for information held by a third party or until the USAO decides to continue forfeiture of an administrative initiated seizure, violates Tours Flying Fifth Amendment right.

102.    Defendants' policy or practice of ordering that Plaintiff provides information held by a third-party and/or waiting until the USAO decides to continue a forfeiture procedure after a seizure has been commenced administratively, knowing that Tours Flying is an interested party to the seized Funds, deprives Tours Flying from their constitutional and statutory right to receive a Notice of Seizure and their right to timely object to a seizure. Said government practice violates Tours Flying due process rights and is unconstitutional.

103.    As a direct and proximate result of the Defendants' policy and practice, Plaintiff has suffered injury, including limiting their constitutional right to timely object to their seized property as an interested party.

104.    Defendants' have no authority to continue detaining Flying Tours seized property, in violation of the Fifth Amendment due process rights guaranteed in the U.S. Constitution and must therefore return the Funds to Plaintiff.

105.    Moreover, Defendants coercive use of unreasonably seizing property for an extended period, without affording Tours Flying, as an interested party, with an opportunity to object to an unreasonable deprivation of property, has violated Plaintiff's Fifth Amendment due process rights.

106.    Declaratory and injunctive relief is necessary to remedy the Defendants' unconstitutional conduct, because without appropriate declaratory and injunctive relief, the Defendants' unconstitutional policies or practice will continue.

## COUNT III:

### RETURN OF PROPERTY

107.    Plaintiff re-alleges and incorporates by reference each and every allegation set from ¶¶1 through 92 above.

108.    Plaintiff brings this claim for return of seized property against Defendants under Federal Rule of Criminal Procedure 41(g) and this Court's general equity jurisdiction under 28 U.S.C. § 1331.

109.    Plaintiff, as a known party to the seized funds and denied their due process right to object to such seizure, is entitled to the immediate return of the funds up to $400,000.00, in J.P. Morgan Chase account number 465638018, held in the name of AeroTitle for the sale of Canadian Air LTD CL-600-2A12, serial number 3066, tail number N105UP.

110.    U.S. Government's continued detention of the seized cash is both *ultra vires* and in direct violation of CAFRA's commands. Tours Flying seized Funds must be returned immediately because the government failed to publish and/or provide Notice of Seizure to an interested party, even after Tours Flying notified the U.S. Government of their ownership interest to the seized Funds as established by the APA terms. Thus, as required by CAFRA, the U.S. Government "shall return the property to that person" who was not properly notified after date of seizure. *See* 18 US.C. §§ 983(a)(1)(A)(i) and

(a)(1)(F). That interested party is Tours Flying, an interested party who has been deprived from their property without being offered an opportunity to timely object to an unreasonable and continued detention of property. In essence, this ongoing retention of property without stating a valid legal basis for its continued seizure nor providing adequate notice and an opportunity to be heard violates Tours Flying Fifth Amendment due process right.

111.    The U.S. Government has no authority to continue detaining Tours Flying Funds, and must return the seized Funds immediately. As explained above, if the government fails to send "**as soon as practicable**, and in no case more than 60 days after the date of seizure" "written notice to **interested parties**" to seized property in any "nonjudicial civil forfeiture proceeding under a civil forfeiture statute", the "Government **shall return the property** to that person without prejudice to the right of the Government to commence a forfeiture proceeding at later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess." *See* 18 US.C. §§ 983(a)(1)(A)(i) and (a)(1)(F) (emphasis added).

112.    Here, the seizure was initiated nonjudicially (administratively) by a federal agency (DHS, ICE and/or CBP) under a civil forfeiture statute, CAFRA. The value of the seized property is less than $500,000.00, and therefore the property is authorized to be seized and forfeited under CAFRA.

113.    As of the filing of this Complaint, Plaintiff has been notified that the seizure continues to be held administratively, until USAO decides to pursue the forfeiture either through a judicial civil or criminal forfeiture proceeding or declines and permits the federal

agencies to continue the forfeiture proceedings. Here, the USAO has failed to file a forfeiture complaint or a criminal indictment and the federal agencies (DHS, ICE and/or CBP) still have authority of the Funds seized administratively by them on August 10, 2021.

114.    The deadline for an administrative agency to provide a Notice of Seizure to an interested parties to seized property, initiated by a nonjudicial civil forfeiture proceeding under CAFRA, is "in no case later than 60 days after the date of the seizure." *See* 18 U.S.C. § 983(a)(1)(A)(i). In addition, if the "identity or interest of a party is not determined until after the seizure or turnover but is determined before a declaration of forfeiture is entered, notice shall be sent to such interested party no later than 60 days after the determination by the Government of the identity of the party or the party's interest." *See* 18 U.S.C. § 983(a)(1)(v). In this case, the deadline for the U.S. Government to either publish or provide Notice of Seizure to an interested party expired, the earliest on or about October 6, 2021, 60 days after August 10, 2021, when federal agencies seized Tours Flying Funds. The U.S. Government has had knowledge of Tours Flying interest to the Funds since August 10, 2021, when communicating with Tours Flying agent, Mr. Villanueva. As the latest date, the deadline for the U.S. Government to provide Notice of Seizure to an interested party expired at the latest on or about March 4, 2022, after Tours Flying attorney, Richard L. Richards, Esq. communicated with ICE-HSI Agent Willis and clarified Tours Flying ownership interest to the seized Funds and requested him to provide Notice of Seizure for them to file a Verified Claim to the seized Funds.

115.    As of the filing of this Complaint, no forfeiture complaint has been filed approximately over three years following seizure of the property subject to forfeiture, nor

has the government obtained either a criminal indictment containing an allegation that the property is subject to forfeiture or an extension of the period for sending notice under subparagraph (A) of CAFRA is justified nor warranted in this case.

116.    Accordingly, CAFRA requires that the U.S. Government returns the seized Funds to Tours Flying.

117.    Instead, the U.S. Government has continued to hold the seized Funds and has unlawfully and unconstitutionally denied Tours Flying rightful receipt of Notice of Seizure, as an interested party, to timely object to a seizure and elect how to proceed with the seizure and forfeiture proceeding options; in violation of Tours Flying constitutional and statutory rights.

118.    Defendants' actions are thus *ultra vires* and in direct violation of CAFRA's specific commands to the government in these circumstances, especially since none of the circumstances warranting an extension of the period to send a notice to an interested party, are present in this case.

119.    Because the U.S. Government failed to send a Notice of Seizure after learning of Tours Flying interest to the seized Funds within the 60-day timeframe specified by CAFRA, and none of the circumstances warranting an extension of this period are justified and present, Defendants must immediately return the seized Funds, with interest, to Tours Flying, as required by 18 U.S.C. § 983 (a)(1)(F).

120.    In addition, Defendants violated Tours Flying constitutional due process rights because they failed to provide them with sufficient notice and opportunity to timely object to a deprivation of property. Approximately three years following seizure of their

property, Tours Flying was not provided with that notice and opportunity and thus deprived of due process.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Declare that Defendants' policy or practice of failing to notify Tours Flying, an interested party to the seized Funds, and therefore depriving them as potential claimants, with the opportunity to timely object to an unreasonable seizure and lengthy detention of property, is *ultra vires* and unlawful under 18 U.S.C. § 983 (a)(1).

B.      Declare that Defendants' policy or practice of imposing unreasonable and an unreasonable burden of proof on Tours Flying, to aid the U.S. Government with their investigation, when no criminal Indictment or civil forfeiture Complaint has been presented by the USAO, a violation of Tours Flying constitutional rights and in direct violation of their due process rights under the Fifth Amendment.

C.      Enjoin the Defendants from continuing to hold seized property without a legal basis to do so and after failing to provide Tours Flying, a known interested party to the seized Funds, with proper Notice of Seizure and an opportunity to timely object to such seizure of their property, as required by CAFRA and the U.S. Constitution, resulting in a constitutional and statutory violations.

D.      Order Defendants DHS, ICE, CBP and/or U.S. Department of Treasury and the United States of America to immediately return Plaintiff Tours Flying seized property-funds up to $400,000.00, in J.P. Morgan Chase account number 465638018, held in the name of AeroTitle for the Tours Flying sale of Canadian Air LTD CL-600-2A12, serial

number 3066, tail number N105UP—under Federal Rule of Criminal Procedure 41(g).

      E.     Declare that the process of requiring Tours Flying additional and an unreasonable burden of proof to prove its rightful ownership to the seized Funds as a pre-condition to send a Notice of Seizure and denying Tours Flying adequate notice and a meaningful opportunity to be heard and object to a continued and lengthy detention of their property, constitutes a violation of Tour Flying's due process clause of the Fifth Amendment.

      F.     Enter an award against all Defendants allowing Plaintiff to recover her attorney's fees, costs, and expenses in this action under 28 U.S.C. § 2412.

      G.     To grant Tours Flying such other relief as the Court deems just and proper.

Respectfully submitted,

RICHARDS LEGAL GROUP
*Attorneys for Plaintiff, Tours Flying*
*De Chihuahua S.A. DE C.V.*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Primary E-mail: rrichards@richpa.net
Secondary E-mail: angelica@richpa.net
Service E-mail: service@richpa.net

By: */s/Richard L. Richards*
RICHARD L. RICHARDS
Florida Bar No. 09415

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on this 8th day of August 2025, I electronically filed the foregoing Complaint and accompanying exhibits, with the Clerk of Court using the CM/ECF system.

I further certify that a copy of the foregoing Complaint, accompanying exhibits, and the Summons in this civil action, was served by certified United States Mail, proper postage prepaid, to the following addresses:

Civil Process Clerk
United States of America
c/o U.S. Attorney's Office
210 West Park Avenue, Suite 400
Oklahoma City, OK 73102

Frederick B. Smith
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave, Suite 4.4-B
Washington, DC 20229
CBP-Service-Intake@cbp.dhs.gov

James Percival
Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485
OGC@hq.dhs.gov

Charles Wall
U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
500 12th St. SW, Mail Stop 5900
Washington, DC 20536-5900
OPLAServiceIntake@ice.dhs.gov

Neil MacBride
Office of the General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW, Room 3000
Washington, DC 20220

By: */s/Richard L. Richards*
Richard L. Richards, Esq.